IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RHANDA DANIELLE CHAUTEE BILLY,<br><br>Defendants. | Case No. 20-CR-34-JFH |

## OPINION AND ORDER

Before the Court is Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) [Dkt. No. 625] and Defendant's Supplement to the Motion for Sentence Reduction [Dkt. No. 634]. The Government has not responded to Defendant's Motion.

Defendant moves this Court to reduce her sentence arguing that her guideline sentencing range should be lowered by a retroactive change in the United States Sentencing Guidelines ("USSG"). Specifically, Defendant contends that USSG §4C1.1 (Adjustment for Certain Zero-Point Offenders) is applicable to Defendant, and that her total offense level should be lowered by two levels. Dkt. No. 634, pp. 1-5. Defendant also argues that she is entitled to further reduction due to alleged incorrect application of USSG §5C1.2 and §2D1.1(b)(18). That is, Defendant argues that this Court, when sentencing Defendant, should have found Defendant was "safety valve" eligible and entitled to further a two-level reduction in her offense level. Dkt. No. 634, p. 5. For the reasons set forth below, Defendant is not entitled to relief and her motion is DENIED.

## ANALYSIS

Defendant moves for reduction in her sentence on the basis that she is a zero-point offender, as set forth in USSG §4C1.1. This section, adopted by the United States Sentencing Commission in Amendment 821 to the United States Sentencing Guidelines and first effective on November 1,

2023, provides a two-level reduction in offense level for certain defendants with no criminal history points. However, a defendant is only entitled to benefit from §4C1.1 so long as the defendant "did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." USSG §4C1.1(a)(7).

As Defendant acknowledges, in sentencing Defendant on February 28, 2022, this Court addressed whether or not Defendant was safety valve eligible under USSG §5C1.2. However, in evaluating whether Defendant was safety valve eligible, Defendant theorizes that the Court may have applied an incorrect and overbroad standard that did not require any nexus between the offense and the possession of the firearm. Dkt. No. 634 at 5, ¶ 9. Contrary to Defendant's theory, in the context of resolving this safety valve issue, the Court specifically addressed whether Defendant "possess[ed] a firearm or other dangerous weapon . . . in connection with the offense." USSG §5C1.2(a)(2). Oral argument at sentencing was heard on this precise point. And, indeed, the Court found by a preponderance of the evidence that Defendant possessed the firearm in furtherance of her offense because Defendant kept the firearm (which had a loaded magazine) in close proximity to the drugs that were found in her home and, further, that the firearm was not only spatially, but temporally, related to (i.e., connected to) the drugs that were part of the drug distribution conspiracy. Further, the Court notes that a sentence reduction motion pursuant to 18 U.S.C. § 3582(c)(2) is not the appropriate procedural mechanism for Defendant to challenge the Court's prior finding regarding her safety valve eligibility.

The Court holds that its prior factual findings regarding Defendant's offense – specifically, the finding that Defendant possessed a firearm in connection with the charged offense – precludes any relief to Defendant on the instant Motion.

IT IS THEREFORE ORDERED that the relief sought in Defendant's Motion [Dkt. No. 625] and Supplement [Dkt. No. 634] is DENIED.

Dated this 22nd day of July 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE